Weldon, J.,
delivered the opinion of the court:
The claimant, Louis Mankel, brings suit to recover the sum of $868.50 for taxes paid by him in the year 1864, in the State-of Tennessee, and which, he claims, were intended to be refunded by the act approved July 29, 1882. (22 Stat. L., 723.)
In said act the person for whose use and benefit the appropriation is made is named and described as Louis Markel; but the second finding alleges that Louis Mankel, the claimant, is identical with the person described in the act of Congress.
The question of identity being clearly settled in favor of the-claimant, is he entitled to recover in this proceeding1?
There is no doubt from the finding of the court as to the intent and purpose of Congress in the enactmentjof the law, which was to pay to the claimant the sum of $868.50.
If we construe this statute so as to effectuate the intention-of the legislature, we must find in favor of the claimant; and the only question for this court to determine is, do the rules off interpretation and construction permit us to disregard the difference between the name in fact, and as expressed by the-orthography of the statute.
In the case of Watervliet Turnpike Company v. McKean (6 Hill,, 619, 620) it is said:
“A statute is not to be nullified because some of its provisions are absurd, repugnant, or untrue.
“It should be so construed as to make it effective rather than to destroy it. (Britton v. Ward, 2 Rolle’s Reports, 127; Moore v., Hussy, Hobb Rep., 93, 97.) If enough remains after rejecting the parts which are inappropriate to show what was intended by the legislation, that will suffice. In the Chancellors of Oxford Case (10 Rep., 57) it was resolved that in an act of Parliament the ‘ misnomer of a corporation when the express intention appears shall not avoid the act, no more than a will, for Parliament, testament, et arhitramentum are to be taken according-to the minds and intentions of those who are parties to them.. And, therefore, when the description of a corporation in an *300 act of Parliament or in a will is sucb that the true corporation intended is apparent and it is impossible to be intended of any ■other corporation, although the right name of the corporation (which is requisite to be expressed in grants and deeds) is not precisely followed, yet the act of Parliament and will shall take ■effect.’
“ Constructions of statutes are to be made of the whole act according to the intention of the makers, and sometimes are to be expounded against the letter to preserve the intent.
“ Instruments in writing are not made void because made to a party by a wrong name, and any misnomer or apparent variance may be reconciled and explained in pleading by- averment and avoided in effect by proof.” (Peake v. Wabash Railroad Company, 18 Ill., 90; Angell and Ames on Corporations, 512 to 516; Hurd et al. v. Corlus et al., 18 Ill. Referred to in Peake’s Case.)
Although there may be some question as to whether from the finding the money in controversy was actually paid in the Treasury, all questions of that kind were settled in favor of "the claimant by the act of Congress, as this court has held in the case of Edward L. Jordan v. The United States, decided at ■the present term of the court.
Applying the act of July, 1882, according to the evident intent and purpose of the law-making power, and upon the faith of what we regard as correct and conservative rules of construction and application, it is the opinion of this court that the ■claimant is entitled to recover the sum of $868.50, and for that amount judgment will be entered.