(34 Misc. Rep. 719.)

In re MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.    April, 1901.)

1. EMINENT DOMAIN—ASSESSMENT FOR BENEFIT—NOTICE—DUE PROCESS.
    Laws 1896, c. 727, authorizing condemnation for a park, violates Const. art. 1, § 6, inhibiting the taking of property without due process of law, so far as it provides for assessment for benefit; there being no provision for notice to persons whose property is to be assessed.

2. STATUTES.
    Laws 1896, c. 727, authorizing condemnation by a city for a park, and assessment for benefit, does not incorporate therein provisions of other statutes for notice to persons whose property is to be assessed, by section 2, reciting that, except as provided in the act, all provisions of law relating to the taking of private property for public streets or places in said city are hereby made applicable so far as the same may be necessary for the acquiring of said land as aforesaid.

In the matter of the application of the mayor, aldermen, and commonalty of the city of New York relative to acquiring title to all land mentioned and described in the first section of an act entitled "An act to provide for an addition to Riverside Park in the city of New York," being chapter 727 of the Laws of 1896. Heard on motion to confirm report of commissioners. Granted in part.

John Whalen, Corp. Counsel (John P. Dunn and Thomas C. Blake, of counsel), for the motion.
Hawke & Flannery, for certain property owners.
Henry H. Sherman, for Mott Haven Co.

GIEGERICH, J.    This is a motion to confirm the report of the commissioners of estimate and assessment, appointed pursuant to chapter 727 of the Laws of 1896. The first section of the act provides for the extension of Riverside Park, in the city of New York, so as to

include within its area certain lands. The second section directs the counsel to the corporation, upon a written request from the park commissioners, and within four months from the date of such request, to institute proceedings for condemnation, and provides:

"Except as provided in this act, all provisions of law relating to the taking of private property for public streets or places in said city are hereby made applicable, so far as the same may be necessary for the acquiring of said land as aforesaid."

The third section provides for the vesting of title in the city upon the filing of the oaths of the commissioners of estimate and assessment to be appointed in proceedings to ascertain the compensation for loss and damage. The fourth section prescribes:

"All damages awarded by the commissioners of estimate and assessment to be appointed hereunder and confirmed by the court, with interest thereon from the date when the title to the lands and the premises for which said awards are made shall have vested in the mayor, aldermen and commonalty of the city of New York, as provided by this act, and all costs and expenses of the proceedings for acquiring title to the lands taken under this act, shall be borne and paid, three-fourths thereof by the mayor, aldermen and commonalty of the city of New York and the remaining one-fourth by the parties and persons, lands and tenements benefited by such improvement, and the commissioners of estimate and assessment, to be appointed as hereinbefore provided, shall assess to the extent of one-third of the amount of said award, interest, costs and expenses upon all such parties and persons, lands and tenements, as they deem to be benefited by such improvement to the extent which said commissioners of estimate and assessment deem such parties, persons, lands and tenements benefited thereby, and the moneys collected upon the assessments of said commissioners of estimate and assessment shall be paid into the city treasury."

And the fifth section provides for the construction and maintenance of said addition to the park.

No question is raised as to the propriety of the awards for property taken, but the report is assailed upon various grounds, so far as it purports to fix the objectors' liability in the form of an assessment for benefit, one of which only need be considered, since it is deemed to be decisive of this matter, and that is as to the power of the commissioners to make the assessment. It is manifest, from a reading of the above-cited statute, that, unless included by permissible construction of section 2, there is a total absence of provision for notice to the parties against whose property an assessment might be imposed. Without such a provision, an act which authorizes an assessment must be deemed unconstitutional, since it has the effect of depriving the owner of the property to be assessed of his property without "due process of law." Const. N. Y. art. 1, § 6. In Stuart v. Palmer, 74 N. Y. 183, 188, the court said:

"The constitution sanctions no law imposing such an assessment without a notice to and a hearing, or an opportunity of a hearing, by the owners of the property to be assessed. It is not enough that the owners may, by chance, have notice, or that they may, as a matter of favor, have a hearing. The law must require notice to them, and give them the right to a hearing, and an opportunity to be heard. It matters not, upon the question of the constitutionality of such a law, that the assessment has in fact been fairly apportioned. The constitutional validity of law is to be decided, not by what has been done under it, but what may by its authority be done. The legislature

may prescribe the kind of notice, and the mode in which it shall be given, but it cannot dispense with all notice."

In Remsen v. Wheeler, 105 N. Y. 573, 579, 12 N. E. 564, the court, following the rule laid down in the last-cited case, held that:

"The lot owners were entitled at some stage of the proceeding to a notice and an opportunity to be heard, and, unless the law gave them the right to notice and an opportunity to be heard before the board which was authorized to impose the assessment, it was unconstitutional and void for the reasons stated in Stuart v. Palmer, supra."

In McLaughlin v. Miller, 124 N. Y. 511, 517, 26 N. E. 1104, the court uses this language:

"Some provision for notice to the property owners is essential to the validity of the assessment, as, without the opportunity to be heard, they are denied the benefit of the constitutional guaranty that they shall not be deprived of property without 'due process of law.'"

The doctrine of the foregoing cases was reaffirmed in Re Trustees, 129 N. Y. 308, 313, 29 N. E. 460; People v. Henion, 64 Hun, 471, 475, 19 N. Y. Supp. 488; and Seaman v. Dickinson, 1 App. Div. 19, 20, 36 N. Y. Supp. 748.

It is urged, however, in support of the assessment, that existing provisions of law relative to the fixing of assessments on notice were embodied in the statute under consideration by express reference contained in the above-cited provisions of section 2, and by the terms of which, as above noted, all provisions of law relating to the taking of private property for public streets or places are made applicable "so far as the same may be necessary for the acquiring" of said lands. The objectors insist that this is violative of article 3, § 17, of the constitution of this state, forbidding the incorporation of one statute in another except by setting it forth in full. The city, on the other hand, contends that section 2·does not come within the inhibitory ·clause of the constitution, because it merely indicates the procedure ·or the administrative details necessary for the accomplishment of the purposes of the act in question. Choate v. City of Buffalo, 39 App. Div. 379, 57 N. Y. Supp. 383. Without passing upon these questions, and reverting to the consideration of the point so urged in support of the assessment, it is undoubtedly the fact that provisions of law relative to the taking of private property were to be found in ·chapter 16, tit. 5, of the consolidation act, as amended by chapter ·660 of the Laws of 1893 and chapter 545 of the Laws of 1895, when this statute was passed, and that valid provisions for the making of .assessments accompanied them. But, in substance, the matter of acquiring property by virtue of the right of eminent domain is wholly distinct from the imposition of assessments to pay for it. See In re Mayor, 46 App. Div. 52, 54, 61 N. Y. Supp. 437. And it was certainly not "necessary for the acquiring" of the property in this proceeding (section 2) that the provisions of the consolidation act relative to the making of assessments.should be applicable. Unless necessarily applicable, these provisions cannot be resorted to in support of this statute; for the matter of notice must be not merely permissive, but actually prescribed by the legislature, in order that the assessment may be valid. Stuart v. Palmer, supra. And I cannot hold that there was

an embodiment of the existing provisions of law, requiring the giving of some form of notice as a part of the enactment under which the assessment was made.

It follows from these views that the provision of the statute for an assessment for benefit is repugnant to that part of the constitution first above cited, but, inasmuch as the part relating to such assessment is not identified with the general scheme of the enactment, so that its elimination therefrom would overthrow the plan, such invalidity does not defeat the other parts of the law under consideration. People v. Green, 58 N. Y. 295, 303; Hurlburt v. Banks, 1 Abb. N. C. 157, 166; Loeb v. Columbia Tp. Trustees, 179 U. S. 472, 489, 21 Sup. Ct. 174, 45 L. Ed. ——.

The motion to confirm the report of the commissioners is therefore granted, except as to assessment against the objectors.