(92 App. Div. 523.)

## In re DORSETT.

(Supreme Court, Appellate Division, First Department. March 25, 1904.)

1. EMINENT DOMAIN—VALUE OF PROPERTY—INTEREST.

Laws 1897, p. 907, c. 665, authorizing the extension of Riverside Drive, provided that the title to land taken for the improvement should vest in the city on a certain date, and that the value of such land should be determined by commissioners of estimate, and become payable on confirmation by the court. After the date on which title vested in the city, the commissioners awarded a property owner a certain sum as the value of the property, and a further sum as interest on that value from the date when title vested in the city. *Held*, that on confirmation of the award the owner was entitled to interest from the date of award to the date of confirmation, not only on the amount awarded as the value of the property, but on the sum awarded as interest.

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Application by Ella L. Dorsett for a peremptory writ of mandamus against Edward M. Grout, as comptroller of the city of New York. From an order denying the application, the applicant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James A. Deering, for appellant.
John P. Dunn, for respondent.

HATCH, J. This controversy arises upon a difference of opinion as to the amount of interest to which the appellant was entitled on July 7, 1903. Under chapter 665, p. 907, of the Laws of 1897, the city was authorized to extend Riverside Drive. The commissioners of estimate and assessment completed and signed their report November 29, 1902. Under the terms of the act, title to the land vested in the city September 22, 1900. The commissioners, in their report, awarded to the relator for the land taken the sum of $11,500, as the value of such land on the 22d day of September, 1900, when title vested in the city, and the further sum of $1,508.41 interest thereon from the date of the vesting of title to the date of their report; making the total award $13,008.41. On April 22, 1903, the appellant relator filed a demand with the comptroller for the payment of this sum of $13,-008.41, with interest thereon from the 29th day of November, 1902, the date of the report. On July 17, 1903, the comptroller had a warrant ready to pay what he considered was the amount due to the appellant, to wit, $13,272.91. The appellant claimed that upon that date the amount due was $13,498.39, a difference of $225.48. The appellant received the warrant drawn by the comptroller as a payment on account without waiving her claim for the full amount of all she claimed. She then made an application for a peremptory writ of mandamus to compel the comptroller to audit the balance of the amount claimed by her, and from the order denying such application this appeal is taken.

The act under which this award was made provides that upon the confirmation by the court of the report of the commissioners the

award shall become due and payable, and the owner, in case of the failure of the comptroller of the city to pay the same within 30 days after a demand therefor, may apply to the court, and the court shall require the comptroller to pay the award; with costs and expenses. The real controversy which this case presents is as to whether the landowner was entitled to interest upon that part of the award which gave interest upon the value of the land as found in the award. If so, then the demand which was made by the landowner upon the city was a proper demand, as it would be of the amount due. As the city was authorized to take possession of the land prior to the confirmation of the award, the landowner was deprived of its use, and interest was awarded to him as compensation therefor. This was equitable, as without it the owner would be deprived of the use of the land, and also of the use of the money awarded as its value. When, however, the award was made, it was of a sum of money which represented the entire interest in the land. A part was for the value and a part for the value of the use, and these two items measured the sum of money which the owner on the day of the confirmation of the report became entitled to receive at the hands of the city. It seems to be not of consequence that the amount awarded was made up of the value of the land and the value of the use of the land after possession was taken by the city. The owner was entitled to both as a measure of just compensation for what had been taken from him. The two items, therefore, constituted the fund which she became entitled to receive, and, as such fund represented her whole interest in the property of which she had been deprived, she became entitled to the payment of interest by the city upon the one part as much as upon the other. Interest upon the award at the prevailing rate was adopted to measure the plaintiff's damage which she had sustained on account of the proceedings in invitum. Calling it interest and placing it in a separate item did not change the fact that it represented the value of the land to the owner at the time when it was taken and paid for. Consequently there is no basis for any distinction between interest upon one sum and interest upon the other sum, as the owner was entitled to the whole, and, being so entitled, her demand was a proper demand, with which the city should have made compliance. Such rule does not compound interest as applied to this situation. It was not awarded to her as such, but as damages for the taking. This view renders it unnecessary to consider whether the demand, if for too much, under the circumstances of this case, would have set interest running or not. There are cases cited by the learned counsel for the respondent which hold that, where the demand is for too much, it is ineffectual to set interest running upon a lesser sum which may be due. Carpenter v. City of New York, 44 App. Div. 230, 60 N. Y. Supp. 633. Such rule, however, may be of doubtful application to a case where the amount of the whole sum to which the owner is entitled is known, and it is not complicated by mortgages, taxes, and other liens, which of themselves make the specific amount due unliquidated. It may be doubtful, however, whether that rule applies where the whole amount of money which the party is entitled to receive is liquidated and known, and the only question relates to interest. Under

such circumstances, when a demand is made, if the comptroller deems it to be for more than the sum due, he should offer to pay the sum concededly due, in order to protect the city from the interest charge. But, however this may be, we think the two amounts in the present case constituted a single fund which was awarded to the owner as value and damages for the taking of her land, and that, therefore, she was entitled to interest upon the whole sum, and the demand was for the sum to which she was entitled. This conclusion requires a reversal of this order.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

VAN BRUNT, P. J., and PATTERSON and INGRAHAM, JJ., concur.

LAUGHLIN, J. (dissenting). This is an appeal from an order denying an application for a peremptory writ of mandamus to compel the comptroller of the city of New York to pay the relator a specific sum of money claimed to be due and payable as a balance of interest on an award for lands taken in eminent domain proceedings. In my opinion, the right of the relator to interest is governed by chapter 665, p. 907, of the Laws of 1897, being a special act relating to Riverside Drive, as distinguished from the general charter provisions. It is conceded that pursuant to the provisions of this special act the title to the land for which the award was made vested in the city on the 22d day of September, 1900. Section 6, p. 911, of said chapter 665 of the Laws of 1897, provides, among other things, that the damages awarded by the commissioners of estimate and assessment, when confirmed by the court, together with interest thereon from the date when the title to the lands vested in the city as therein provided, shall become due and payable. In view of this provision the commissioners had no authority to award interest. They were merely authorized to determine the value of the land, and other damages, if any, as of the date when title vested in the city; and upon confirmation of their awards by the court interest upon the award from the time title vested follows as a matter of course. It appears that the commissioners, acting according to the practice prescribed by the charter in other cases, determined the awards as of the date when title vested in the city, but added thereto interest from such date to the time of filing their report. The comptroller, in arriving at the amount payable to the relator, accepted this computation of interest, but computed interest not upon the amount of the award together with such interest added by the commissioners, but merely upon the award, exclusive of interest, from the date of the report of the commissioners to the time the order of confirmation was granted. This, of course, produced the same results as if the computation of the commissioners had been disregarded, and interest had been computed upon the award from the date when title vested in the city to the date of the confirmation of the report. The contention of the relator is that she should receive interest on the gross amount awarded, which included interest, as stated, from the date of the report of the commissioners

to the time the award was paid. The views already expressed show that this claim is erroneous in so far as it would give the relator interest upon the interest computed and awarded by the commissioners from the date of their report until it was confirmed. The interest thus erroneously claimed is included in the amount for which a peremptory writ of mandamus is demanded, and therefore the writ was properly denied, notwithstanding that the relator may have a valid claim for some balance of interest, because in mandamus proceedings there must be a precise demand, and for the relief to which the petitioner is entitled, and the court is justified in denying the application if the petitioner has not a clear legal right to the precise relief for which he prays.

I am also of opinion that the relator's right to interest after the confirmation of the report of the commissioners is not governed by the charter provisions, and that under the well-settled rules applicable to municipal corporations interest would not run on the award until the making of a demand therefor. The report of the commissioners was confirmed on the 17th day of April, 1901, and no demand was made until three days thereafter. I think that during this time interest did not run. The demand made on the 20th day of April was erroneous in that it demanded the compound interest already stated, and to which, I think, the relator was not entitled. Were it not for the decision of this court in Carpenter v. City of New York, 44 App. Div. 230, 60 N. Y. Supp. 633, I would be inclined to hold that interest should run from the date of this demand, because the property owner then appeared and manifested a desire to receive and a willingness to accept her award; and, even though he computed and claimed interest on an erroneous basis, I should think the city, in order to stop interest running upon the award, was called upon to tender the amount to which she was legally entitled. However, in view of that decision, which I think is not distinguishable on principle from this, and should therefore be followed, it would seem that the demand was ineffectual to set interest running, and the relator, upon my view of the law, was not entitled to any interest after the confirmation of the report. On the 17th day of July, 1901, the relator received from the comptroller the amount of the award, less the interest added by the commissioners, and interest thereon from the time the title vested until the date of the confirmation of the report. This was the full amount to which she was entitled. The denial of the writ may also be sustained, therefore, upon the ground that no part of the claim is meritorious.

I therefore vote for affirmance.