(95 App. Div. 552.)

In re MAYOR, ETC., OF NEW YORK.

In re RIVERSIDE PARK.

(Supreme Court, Appellate Division, First Department. June 29, 1904.)

1. CONSTITUTIONAL LAW—DUE PROCESS OF LAW—ASSESSMENT PROCEEDINGS—NECESSITY OF NOTICE.

A law imposing an assessment, which makes no provision for a notice and an opportunity for a hearing by the owners of property to be assessed, is unconstitutional, as depriving such owners of their property without due process of law.

2. PARKS—EMINENT DOMAIN—STATUTES—CONSTRUCTION—INCORPORATION OF OTHER STATUTES.

Laws 1896, p. 887, c. 727, relative to an addition to a certain park, provided in section 2 thereof that the provisions of law relating to the "taking of private" property for "public streets and places" should be applicable, so far as the same should be necessary for the "acquiring of said land." The commissioners provided for by the act were designated "commissioners of estimate and assessment," and they were directed to "assess" certain proportions of the award on the parties benefited. The consolidation act, which was in force when the act of 1896 was passed, contained a complete method of procedure for street and park openings.

¶ 1. See Constitutional Law, vol. 10, Cent. Dig. § 872.

*Held* that, as the "taking of private property" and "acquiring of land" requires not only the vesting of title, but payment for the property, which, with respect to "public streets and places," means levying of assessments, the language of section 2 made applicable to proceedings under the act the provisions of law relating to assessments as well as those relating to the vesting of title.

3. SAME—CONSTITUTIONALITY.

Laws 1896, p. 887, c. 727, § 2, providing that the provisions of law relating to the taking of private property for public streets and places in a certain city are made applicable, so far as necessary for the acquiring of certain land, as it merely refers to local statutes to indicate the procedure necessary in taking property, is not repugnant to Const. art. 3, § 17, providing that no act shall enact that any existing law or part thereof shall be applicable except by inserting it in such act.

4. SAME—CONSTRUCTION—CLERICAL ERRORS.

Laws 1896, p. 888, c. 727, § 4, provides that the costs and expenses of the proceeding for acquiring title to lands taken under the act "shall be borne and paid three-fourths thereof by the mayor * * * and the remaining fourth by the parties * * * benefited by such improvement," and that the commissioners shall assess to the extent of "one-third of the amount of such award * * * upon all such parties * * * as they may be deemed to be benefited." *Held*, that the use of the word "third" in the latter part of the section was obviously an inadvertence, and that the word should be read "fourth."

5. SAME—PUBLIC IMPROVEMENTS—ASSESSMENT OF BENEFITS—ITEMS OF AWARD —INTEREST.

Since the law applicable to the acquisition of title to property for streets and public places in the city of New York provides for the passing of title at the beginning of the proceedings, and before the commissioners have had an opportunity to make the assessment, and as the person damaged is entitled to interest on the value of the property taken from the vesting of the title in the city, as a cost of the proceeding, and not because of any delay of the city in making the award, the provision of Laws 1896, p. 888, c. 727, § 4, providing that the commissioners, in acquiring property for a certain park, shall assess a proportionate amount of the award, "interest," costs, and expenses on parties benefited, is not objectionable, and interest should be included in the assessment.

McLaughlin and Ingraham, JJ., dissenting.

Appeal from Special Term, New York County.

In the matter of the application of the mayor, etc., of the city of New York to acquire title to real estate for Riverside Park. From an order refusing to confirm the report of the commissioners of estimate and assessment, the city appeals. Reversed, and report modified.

See 70 N. Y. Supp. 1144.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

John P. Dunn, for appellant City of New York.
Joseph A. Flannery, for respondents Baker and others.
Henry H. Sherman, for respondent Mott Haven Company.

O'BRIEN, J.   By virtue of chapter 727, p. 887, Laws 1896, entitled "An act to provide for an addition to Riverside Park in the city of New York," the park commissioners adopted a resolution on July 27, 1896, requesting the corporation counsel to initiate this proceeding, and, as the result, "Commissioners of Estimate and Assess-

ment," as provided in the act, were appointed by the court in December, 1896, public notice of the application for their appointment having previously been given on November 23, 1896. There was no opposition to their appointment, and in December, 1896, the commissioners, in accordance with the provisions of the consolidation act, Laws 1882, pp. 262, 282, c. 410, relative to street and park openings (sections 958–1005, inclusive), made and filed a preliminary estimate and assessment, and, in accordance with the provisions of the consolidation act, notice was given to the parties affected, and an opportunity afforded to them to be heard. Thereafter the commissioners made awards for land taken, and, by virtue of the act of 1896, assessed one-third of the total cost and expense of the proceeding upon the property deemed to be benefited. Objections were filed to the report by the respondents upon the ground that the act of 1896 was unconstitutional and they were not liable to the assessments levied. The residents, therefore, do not attack the assessment upon the ground that the commissioners erred with respect to the value of the property damaged, or upon the ground that they did not as matter of fact have notice of the proceeding and an impartial hearing, but upon the broad ground that the act of 1896 is unconstitutional, because incomplete, in that it does not in terms provide a proper notice and hearing, which is essential in proceedings involving the levying of assessments.

In Stuart v. Palmer, 74 N. Y. 183, 30 Am. Rep. 289, it is said that a law which makes no provision, in imposing an assessment, for a notice and an opportunity for a hearing by the owners of property to be assessed, is unconstitutional because depriving them of property without due process of law. The question turns, therefore, upon whether the provisions of section 2 of the act of 1896 are sufficient to assure to property owners a proper notice and hearing upon assessments. That section, after referring to the method by which title shall be acquired, provides:

"Except as provided in this act all provisions of law relating to the taking of private property for public streets and places in said city are hereby made applicable so far as the same may be necessary for the acquiring of said land as aforesaid."

The construction given to this language by the Special Term is that it provides merely for the acquisition of title, and has no relation whatever to assessments. It will be observed, however, that the language quoted is not confined to the word "title," but states that provisions of law are applicable which relate to the "taking of private property" and the "acquiring of said land." Obviously the "taking of private property" and the "acquiring of land" requires not only the vesting of title, but payment for the property, and this latter, with respect to "public streets and places," means the levying of assessments. That assessments were contemplated appears from the name given to the commissioners by the act, they being designated as "commissioners of estimate and assessment"; and that they were directed appears also from the specific provision as to the proportion of the award to be "assessed" upon such parties as are benefited. Moreover, an assessment being necessary to make the act complete, it was

plainly the intent of the Legislature, by the language quoted, to provide for such assessment in the manner indicated in existing laws. And, when we examine the existing laws, it appears that a complete method of procedure was provided by the consolidation act, in the sections relating to "street and park openings," and it was these provisions that the commissioners complied with in making this assessment. For the reasons, therefore, that the language of section 2 of the act of 1896 is broad enough to include provisions of law relating to assessments as well as the vesting of title, and that assessments were contemplated by the act, I think that the act is constitutional, because it makes provision for the giving of notice and a hearing to the property owners assessed.

The further objection is made, however, by the respondents that the act is unconstitutional under section 17 of article 3 of the New York Constitution, declaring that "no act shall be passed which shall provide that any existing law or any part thereof shall be made or deemed a part of said act or which shall enact that any existing law or part thereof, shall be applicable except by inserting it in such act." Inasmuch as section 2 merely refers to local statutes to indicate the procedure necessary in taking the property, including the acquisition of title and the levying of assessments, it was unnecessary to incorporate fully the provisions of those statutes, and the reference made to them in the act was sufficient. Choate v. City of Buffalo, 39 App. Div. 379, 57 N. Y. Supp. 383, affirmed in 167 N. Y. 597, 60 N. E. 1108.

We next come to the consideration of the provisions of section 4 (page 888) of the act of 1896, specifying the proportion of the award which shall be borne by property owners benefited. It is urged by the respondents that under that section the property owners should not in any event be assessed for more than one-fourth of the award. The section provides:

"All damages awarded by the commissioners of estimate and assessment to be appointed hereunder and confirmed by the court with interest thereon from the date when the title to the lands and premises * * * shall have vested in the mayor * * * as provided in this act and all costs and expenses of the proceeding for acquiring title to the lands taken under this act, shall be borne and paid three fourths thereof by the mayor, etc., * * * and the remaining fourth by the parties and persons, lands and tenements benefited by such improvement, and the commissioners * * * shall assess to the extent of one third of the amount of said award, interest, costs and expenses upon all such parties * * * as they may deem to be benefited by such improvement to the extent which said commissioners * * * deem such parties * * * benefited thereby. * * *"

The appellant contends that the action of the commissioners in assessing the property owners one-third, and not one-fourth, was right, upon the ground that, "if the latter part of a statute be repugnant to the former part thereof, it shall stand and so far as it is repugnant be a repeal of the former part because it was last agreed to by the makers of the statute," and that "the express and explicit delegation of authority to assess one third should repeal the implied power to assess one fourth of the cost and expense." The section is inconsistent in its provisions, and there was, I think, obviously a mistake in the use of the word "third," the word "fourth" being

clearly intended. The section provides in express terms that the city should pay three fourths and the property owners one fourth, and it is evident that the use of the word "third" in the latter portion of the section was inserted through inadvertence. This word "third," therefore, should be read "fourth." Burch v. Newbury, 10 N. Y. 374; Haney v. State, 34 Ark. 263; Graham v. R. R. Co., 64 N. C. 631; Menkel v. U. S., 19 Ct. Cl. 294; Chambers v. State, 25 Tex. 307.

The respondents further object to the provisions of section 4 for the reason that it includes interest in the award, and reference is made to Matter of 169th St., 40 App. Div. 459, 58 N. Y. Supp. 100, affirmed in 161 N. Y. 622, 55 N. E. 1097. In that case the granting of interest upon the award was criticised, but therein the court said, after referring to the old law which did not sanction, and the new law (charter) which directed, the including of interest:

"We think these modifications were not intended to embrace awards and assessments which had ripened into practical finality prior to the taking effect of the charter."

In the later case of Matter of Dorsett, 92 App. Div. 523, 87 N. Y. Supp. 308, the including of interest as compensation was expressly approved. The reason for this is that the existing law provides for the acquiring of title at the very beginning of the proceeding, and before the commissioners have had an opportunity for assessment. The person damaged is therefore entitled to interest on the value of the property taken from the vesting of the title in the city. This element of interest is a part of the cost of the proceeding, and is not occasioned by delay of the city in making an award. It should therefore properly be included in the assessments.

In conclusion, I think that the act under which the assessment was made was constitutional and that the assessment was properly imposed, but that in amount it was excessive, because levied upon a basis of one-third instead of one-fourth of the award. The report should accordingly be modified by reducing the assessment to that amount, and, as so modified, confirmed, without costs.

VAN BRUNT, P. J., and LAUGHLIN, J., concur.

LAUGHLIN, J. The special act under which this proceeding was instituted (Laws 1896, p. 887, c. 727), it is true, contains no express provision prescribing that notice shall be given to the owners of lands to be assessed for benefits, but it refers to the general provisions of law relating to proceedings for opening streets in the city of New York which provide for notice in such case, and makes them applicable, and that is sufficient. Choate v. City of Buffalo, 39 App. Div. 379, 57 N. Y. Supp. 383, affirmed in 167 N. Y. 597, 60 N. E. 1108. The sufficiency of the law, if it contains such reference, is conceded in the opinion of Mr. Justice McLAUGHLIN, but he contends that the reference to the other provisions of law relates only to those provisions regulating the steps and proceedings to be taken in acquiring the land. I am of opinion that the making and collection of an assessment for benefit, which is the method prescribed by the Legislature for raising part of the money with which

to pay for the lands to be acquired, constitute part of the steps and proceedings in acquiring the title, within the fair intent of the Legislature in enacting the special statute. It is provided in section 3 (page 888) of the special act that the title shall vest in the city when the commissioners of estimate and assessment take and file their oath of office. The only theory upon which a statute providing that title shall pass before the owner is paid can be deemed constitutional is that ample provision has been made by law for ascertaining and insuring the payment of the compensation to which the owner is entitled. Here, the scheme upon the part of the respondents is to put the burden of this entire proceeding upon the general taxpayers, whereas, as the Legislature viewed it, the taking of lands for Riverside Park was a special benefit to the adjacent property, and manifestly this is so, and such property should in all fairness contribute more towards the expense of the proceeding than property remote from the improvement. If the construction of the law contended for by the respondents be sustained, it is doubtful whether any of the act is valid, for the reason that in that view complete provision would not be made for the payment of the awards. It cannot be successfully contended that the Legislature did not intend that the commissioners of estimate and assessment should make an assessment for benefit. It is expressly provided in the fourth section of the act that three fourths of the aggregate of the awards for damages, with interest and the costs and expenses of the proceedings, shall be borne by the taxpayers at large, and one fourth by the property specially benefited by the improvement, to be assessed by the commissioners.

There is a manifest error in the direction of the assessment, whereby it is erroneously stated that the amount to be assessed is one-third, whereas, in accordance with the preceding provision, it should be one-fourth of the total of the awards, costs, and expenses. The statute should be construed as if the direction for making the assessment specified the amount as one-fourth, in accordance with the preceding provision. Unquestionably a tax or assessment cannot be levied without notice, but it is for the Legislature to prescribe the kind of notice, and how the same shall be given, whether by publication or otherwise. Stuart v. Palmer, 74 N. Y. 183, 30 Am. Rep. 289. This has long been the settled law of the state. It is well known to the bar, and was presumably known by the members of the Legislature, where the question of framing statutes of this nature to avoid constitutional objections frequently arises. To hold that the Legislature did not intend, by the reference to the other statutory provisions, to make those relating to the levying of local assessments applicable to the assessment directed to be made in this proceeding, would be to impeach the intelligence of the Legislators, for it would imply that they supposed that a valid assessment could be levied without any notice or hearing, to the owners of the property assessed, upon the question as to whether their lands were in fact benefited, or as to the amount of benefits. The language employed in the act is fairly susceptible of the construction that the Legislature intended that the general provisions of law applicable to street opening proceedings and to assessments should be applicable. The very first section of

the act, after describing the lands to be taken, and imposing the duty
on the corporation counsel of instituting the proceedings, provides
as follows:

"Except as provided in this act, all provisions relating to the taking of pri-
vate property for public streets and places in said city are hereby made ap-
plicable so far as the same may be necessary for the acquiring of said land as
aforesaid."

When it is remembered that, under the general statute to which
reference is made, the eminent domain and assessment proceedings are
conducted as one, I think it is very clear that this provision relates to
the steps required to be taken to make and collect assessments with
which to defray part of the awards and expenses, as well as the steps
with reference to ascertaining the damages sustained by property
owners in consequence of the taking of their lands.

One-third of the total amount has been assessed, instead of one-
fourth. I am therefore of opinion that the order should be reversed,
without costs, and the assessments should be reduced by the differ-
ence between one-third and one-fourth of the total amount of awards,
interest, costs, and expenses, and, as so modified, the report should
be confirmed.

VAN BRUNT, P. J., and O'BRIEN, J., concur.

McLAUGHLIN, J. (dissenting). This proceeding was instituted
under chapter 727, p. 887, of the Laws of 1896, for the purpose of
acquiring title to certain lands for an addition to Riverside Park.
Commissioners were appointed, who, after various hearings, filed a
preliminary and subsequently a final report, in which they awarded
damages to the owners of land taken, and imposed an assessment
upon other lands for benefits conferred. The respondents opposed
the confirmation of the final report in so far as it imposed an assess-
ment upon their lands, upon the ground that the act authorizing it
was unconstitutional and void, in that it deprived them of their prop-
erty without due process of law. The court at Special Term sus-
tained their objections, and the city has appealed from so much of the
order as refused to confirm the report of the Commissioners.

I think the order should be affirmed. The act, as I read it, does
not in terms, nor by a reference to other statutes, provide for a no-
tice to be given to the owners of land assessed for benefits, and, if
this be true, it is unconstitutional. The first section describes the
land to be taken, and the second makes it the duty of the corporation
counsel to take the necessary steps for acquiring the title, and then
provides as follows:

"Except as provided in this act all provisions of law relating to the taking
of private property for public streets and places in said city are hereby made
applicable so far as the same may be necessary for the acquiring of said land
as aforesaid."

Section 3 (page 888) provides that the title to the land taken shall
vest in the city at the time of the filing of the oath of the commission-
ers of estimate and assessment. Section 4 in no way relates to the
title of the land to be taken, but simply has reference to the damages
to be paid, and by whom. This section provides that all damages

awarded for the land taken, with interest thereon, and all costs and expenses of the proceeding, "shall be borne and paid three-fourths. thereof by the mayor, aldermen and commonalty of the city of New York and the remaining one-fourth by the parties  *  *  *  benefited by such improvement," and directs that the commissioners. "shall assess to the extent of one-third of the amount of said awards, interest, costs and expenses upon all such parties  *  *  *  as they may deem to be benefited by such improvement." Section 5 relates to the construction and maintenance of the park, and the raising of the necessary funds for that purpose.

It will be observed that the only provision in the act from which it can possibly be urged that any notice was to be given is the portion of the second section above quoted, and this relates to acquiring the title, and not to making an assessment for benefits. This provision refers to existing local statutes in order to indicate the procedure. necessary to be taken for the acquisition of the land. The provisions of the local statutes as to acquiring title were thus incorporated in the act (Choate v. City of Buffalo, 39 App. Div. 379, 57 N. Y. Supp. 383, affirmed in 167 N. Y. 597, 60 N. E. 1108), but nothing was incorpor-. ated as to the assessments for benefits. The authority and proceedings to be taken to acquire the title are contained in the first, second, and third sections of the act. The fourth section, in so far as it relates to assessment for benefits, deals with an entirely new subject, and one in no way related to and not necessarily having any connec-. tion with the subject of acquiring the title. The duty of the commis-. sioners in relation to the acquisition of the land required for the park was entirely distinct from their duty of levying an assessment for. benefits (Matter of the Mayor, 46 App. Div. 52, 61 N. Y. Supp. 437), nor did the acquisition of the title require an assessment for benefits.

The case, in principle, cannot be distinguished from Stuart v. Palmer, 74 N. Y. 183, 30 Am. Rep. 289. It was there said that:

"The Constitution sanctions no law imposing such an assessment without a notice to and a hearing, or an opportunity of a hearing, by the owners of the property to be assessed. It is not enough that the owners may by chance. have notice, or that they may, as a matter of favor, have a hearing. The law must require notice to them, and give them the right to a hearing and an opportunity to be heard. It matters not, upon the question of the constitutionality of such a law, that the assessment has in fact been fairly apportioned. The constitutional validity of law is to be decided, not by what has been done under it, but by what may by its authority be done. The Legislature may prescribe the kind of notice and the mode in which it shall be, given, but it cannot dispense with all notice."

This case was followed and cited with approval in Remsen v. Wheeler, 105 N. Y. 573, 12 N. E. 564, the court saying:

"The lot owners were entitled at some stage of the proceedings to a notice. and an opportunity to be heard, and, unless the law gave them the right to notice and an opportunity to be heard before the board which was authorized to impose the assessment, it was unconstitutional and void, for the reason stated in Stuart v. Palmer, 74 N. Y. 183 [30 Am. Rep. 289]."

It was also followed in McLaughlin v. Miller, 124 N. Y. 511, 26 N. E. 1104; Matter of Trustees of Union College, 129 N. Y. 308, 29 N. E. 460.

For these reasons I think the order, in so far as appealed from, should be affirmed, with $10 costs and disbursements.

INGRAHAM, J., concurs.