[Civ. No. 462. Third Appellate District.—April 25, 1908.]

## JOSEPH WORCESTER, Respondent, v. CHAS. W. KITTS et al., Appellants.

STATE LAND—PATENT IN SIXTEENTH SECTION—CHARACTER OF LAND— QUIETING TITLE—COLLATERAL ATTACK BY MINERAL CLAIMANTS.—A state patent to land in a sixteenth section is conclusive as to the nonmineral character of the land as against a collateral attack by mineral claimants in an action to quiet title based upon the patent, notwithstanding their claim that at the time of the United States survey the land was known to be mineral, and the survey and plat filed in the federal land office showed it to be mineral, and that it has never been listed to the state.

ID.—REMEDY OF MINERAL CLAIMANTS—DIRECT AND NOT COLLATERAL ATTACK.—Strong as are the facts set up by the defendants, and conclusive as they might be, if shown to be true, on a direct attack, yet they cannot be advanced collaterally, in this action, to overthrow the state patent.

ID.—CROSS-COMPLAINT FOR OTHER LANDS.—Mineral lands not included in the state patent cannot be set up by way of cross-complaint, in an action to quiet title based upon the patent.

ID.—MISTAKE IN JUDGMENT SHOWN BY CLERK'S CERTIFICATE.—Where a mistake in the judgment appearing in the transcript, which would seem to require a reversal for including lands not covered by the patent, is shown by the certificate of the clerk, the transcript will be amended accordingly, and it appearing thereby that the judgment includes only the lands claimed in the complaint, the judgment will be affirmed. [On Petition for Rehearing.]

APPEAL from a judgment of the Superior Court of Nevada County. F. F. Nilon, Judge.

The facts are stated in the opinion of the court.

Charles W. Kitts, for Appellants.

Thomas S. Ford, for Respondent.

CHIPMAN, P. J.—Plaintiff brings the action to quiet his title to certain portions of section 16, township 16 north, range 8 east, Mount Diablo base and meridian, alleging that defendants claim an interest therein adverse to plaintiff, without right, etc.

Defendants answering deny plaintiff's alleged ownership to said lands, and aver title in defendants to certain particularly described portions thereof, and pray that they may be adjudged to be the owners of the land claimed by them, and that plaintiff has no right, title,.interest or estate in or to the same. Plaintiff had judgment in his favor as to a portion, not all the lands claimed by him, but the judgment included some of the lands claimed by defendants. Defendants appeal from the judgment on the judgment-roll alone.

The judgment contains the following recital: "The above entitled cause was heard upon the plaintiff's complaint filed Oct. 4th, 1904, and the amendment thereto filed Nov. 29th, 1904, and the amended answer to the amended complaint filed June 26th, 1905, and the Court being fully advised in the premises decrees and adjudges as follows." The judgment then describes certain of the land mentioned in the complaint, adjudging plaintiff to be the owner thereof. "It is further adjudged that defendants and each of them are hereby enjoined from setting up or claiming any title, possession or right of possession to said property."

It is claimed by defendants that the cause was submitted to the court, and was heard and decided upon the pleadings alone. Plaintiff denies this, and claims that the record does not show this to be the fact, and defendants cannot assume it to be as claimed by them. There is nothing in the record except the recitals of the judgment from which the fact can be determined. We think the record sufficiently shows that the cause was heard upon the pleadings.

In his original complaint plaintiff pleaded patent from the state to one Farrar and deed from Farrar to plaintiff; also patent from the state to plaintiff, but did not otherwise show title. These instruments are set out in the complaint and their execution is not denied.

The sole question in the case is, Are the state patents, under which plaintiff claims, conclusive as to the character and condition of the land? Concededly, the learned trial

judge decided the case upon the authority of *Saunders* v. *La Purisima etc. Co.*, 125 Cal. 159, [57 Pac. 656]. In that case the land had been surveyed in 1870 and the survey approved and official plat filed. In this official plat the section was marked and returned as agricultural land and unoccupied. In 1884 the United States certified, through its proper officer, to the state of California, that the land was unoccupied, and that there were no valid claims thereto adverse to the state. The land had been surveyed and returned by the government as agricultural in character, and so certified by the government, twenty years before the state sold it, and the purchaser had occupied it for six years before any claim was made that it was mineral. The case referred to decided that it was too late to inquire into the character of the land, and that upon the facts as shown the patent was a conclusive determination of the question.

The facts here are wholly different. Without stating all the allegations of the answer, it was shown that most of the land in question was mineral land, and well known so to be before the grant to the state; that when it was surveyed in 1867 some of the land was occupied and being mined for gold under mineral locations; that the survey and report and plat filed in the United States land office showed the land to be mineral; that subsequently many mineral locations were made and were being worked up to the time this action was commenced and after the patents issued; that the land never was certified to the state as nonmineral, or agricultural, and has never been listed to the state as school land or at all. The case, then, is altogether different in its facts from the facts in *Saunders* v. *Purisima etc. Co.*, 125 Cal. 159, [57 Pac. 656], and it is contended, therefore, that it should not be governed by the latter case.

But this is a collateral attack upon a state patent, which takes it out of the rule in *Hermocilla* v. *Hubbell*, 89 Cal. 5, [26 Pac. 611], relied on by appellants. Besides, that case was practically overruled in *Saunders* v. *La Purisima etc. Co.*, 125 Cal. 159, [57 Pac. 656], and it was therein pointed out that a very important question was overlooked in *Hermocilla* v. *Hubbell*, 89 Cal. 5, [26 Pac. 611], namely, "By whom and at what time are the facts to be ascertained and determined as to the character of the land at the time of the grant,

whether mineral or nonmineral? And another question of
equal importance is as to the effect of the patent, issued by
competent authority, purporting to convey the land." The
court proceeds to show, by adopting the rule laid down in
*Dreyfus* v. *Badger,* 108 Cal. 58, [41 Pac. 279], and other
cases quite fully commented upon, that "where a patent, reg-
ular on its face, has been issued by the government (federal
or state) for land which it owns, under a law providing for
a disposal of the land patented, upon the ascertainment of
certain facts, the officers of the land department of the gov-
ernment have jurisdiction to determine such facts, and the
issuance of a patent is, upon collateral attack, a conclusive
declaration, as against all claiming under said government,
that the facts have been found in favor of the patentee.
And this rule applies to the determination of the particular
character of the land which is the subject of the patent."
In the Dreyfus case the issue was between a state patent
to lieu land and a claim under the pre-emption and home-
stead acts. Mr. Lindley states that "the land department
of the government, in recent years at least, by a uniform line
of decisions, has held that mineral lands did not pass to the
state under the school grants." (1 Lindley on Mines, sec.
136.)

Still, the question must be determined by appropriate pro-
ceedings and may not be by collateral attack. Strong as the
facts are as set forth in the answer, and conclusive as they
might be if shown to be true, on a direct attack, we do not
think they can be advanced in this action to overthrow the
state patent. *Saunders* v. *La Purisima etc. Co.,* 125 Cal. 159,
[57 Pac. 656], seems to so hold, and if the doctrine of that
case is to be modified, it must be by the court that enunciated
it.

An examination of the pleadings and judgment shows the
following condition of the record: The plaintiff claims the
north half of section 16; the north half of the south half and
thirty acres in the south half of the south half, to wit, the
north half of the southwest quarter and the southeast quar-
ter of the southeast quarter of the southwest quarter—in
all, four hundred and fifty acres. The judgment gives him
but one hundred and thirty acres, all in the southwest quar-
ter of the section, and makes no disposition of plaintiff's

claim to the north half of the section. In the description of land included in the judgment twenty acres are twice described, to wit, the north half of the southeast quarter of the southwest quarter, and in the southeast quarter of the southwest quarter is included a tract of ten acres which is not included in the plaintiff's patents, to wit, the southwest quarter of the southeast quarter of the southwest quarter. It also appears that defendants claim some lands which are not included in plaintiff's patents, to wit, the south half of the southwest quarter of the southwest quarter, and also claim the ten-acre tract above mentioned to which plaintiff is given judgment but which is not included in plaintiff's patents. It appears, also, that defendants claim most of the land in the north half of the section to which plaintiff has patent but of which the judgment makes no disposition.

The title to lands claimed by defendants not included in plaintiff's patents cannot be litigated by way of cross-complaint in this action. The title set up by defendants to lands included in plaintiff's patents presents no issue, because defendants' alleged title cannot be asserted against plaintiff's patents, which latter we hold to be conclusive upon a collateral attack; and it is immaterial that the court did not give plaintiff judgment for all his patented lands. Plaintiff is not appealing, and defendants are not injured by the failure of the court to include in the judgment certain of the patented lands, since, as we have just remarked, defendants cannot in this action be heard to attack the patents.

For the reason that the court awarded land to the plaintiff not included in his patent, the judgment is reversed.

Hart, J., and Burnett, J., concurred.

Upon petition for rehearing May 25, 1908, the order of reversal was stricken out, and the judgment affirmed, as follows:

THE COURT.—Upon petition for rehearing our attention is called to the fact that the judgment copied into the transcript by inadvertence did not correctly describe the land as shown by the judgment in fact rendered and entered by the trial court, and that the latter. correctly describes the land claimed by plaintiff in his complaint and none other.

These facts appear by the certificate of the clerk of the lower court. In view of the foregoing, it is ordered that the judgment as shown in the transcript be so amended as to describe the land mentioned in the complaint, and that the last paragraph of the opinion filed April 25, 1908, be stricken out and the following inserted in lieu thereof, to wit: The judgment is affirmed.