CALDWELL, et al., Respondents, v. PIERSON et al (McIlvaine, Appellant).

(159 N. W. 124.)

(File No. 3775.   Opinion filed September 9, 1916.)

1.  **Vendor and Purchaser—Tax Title to State School Lands—Possession Under Previous Unrecorded Assignment of Sale Contract—Notice of Equities by Possession, Sufficiency—Sale Statute.**

Where the assignees of original contractors for purchase of state school lands are in actual, notorious and visible possession through a tenant, held, that, although the assignment was unrecorded, such possession was notice of the possessors' equities under the contract, as against one who purchased from the vendee of a second purchaser of the land under a special contract with the state under Laws 1911, Chap. 224, Sec. 45, giving one who purchases at tax sale and who pays all delinquent dues under the original sale contract, the rights of the original purchaser and the right to purchase the land under a contract of like terms and conditions as those in the original sale contract.

2. **Taxation—Tax Deed—Notice to Redeem, Service on Owners and Tenant in Possession—Sufficiency of Evidence.**

Where the affidavit of service of notice to redeem from tax sale showed only that service was made on one of two persons entitled to be regarded as land owners, and who was designated in the notice as record owner, where the land was assessed to the co-owner, and one owner testified that the notice was not served upon him, or upon his co-owner to his knowledge, and an unquestioned finding by trial court found that a tenant of the owners was, at the time of service of the notice, in open and notorious possession, held, that the evidence sustained findings that no service was made on the owners or the tenant.

3. **Taxation—Notice to Redeem from Sale—Tax Deed Recital, How Far Conclusive of Notice—Statute.**

While Pol. Code, Sec. 2213, provides that a tax deed is prima facie evidence of the truth of facts therein recited, still this prima facie case prevails only until the opposite party has produced competent evidence to overcome it.

4. **Evidence—Taxation—Notice to Redeem from Sale—Tax Deed Records, Rebuttal of Deed Recital by, Effect—Statute.**

When the record in treasurer's office, required by Pol. Code, Sec. 2212, as amended by Laws 1909, Chap. 194, requiring notice of redemption from tax sale to be served on land owner, upon person in possession, and upon him in whose name land is taxed, fails to show service on owner or person in possession, that of itself is sufficient to overcome the prima facie case of presumptive service arising from tax deed recitals under Sec. 2213.

5. **Public Lands—State Lands—Land Department—Patents to, Force of, Compared to Legislative Act.**

Patents issued by the federal and state governments through the land departments under legislative acts, have the same force and effect as if issued by the legislative body itself; and are conclusive in the absence of fraud or mistake.

6. **Constitutional Law—Due Process, Application of Rule to Administrative, Executive, Action—State Land Patent.**

Due process of law applies to administrative and executive action by which one may be deprived of property, as well, and the same as, to judicial action. So held, regarding issue of state school land patents.

7. **Constitutional Law—Due Process—School Land Patent, Based on Tax Deed—Notice to Original Land Contract Holder, Necessity—Statute—Test of Constitutionality.**

Laws 1911, Chap. 224, Sec. 45, providing that tax sale purchaser of state school land thereby acquires the rights and interests which the original contract purchaser from the state has, and that such tax sale purchaser may make payments then

in default under such original contract, and that on failure of the original purchaser to redeem from the tax sale, etc., the tax sale purchaser shall, upon receipt of a tax deed, be given by land commissioner a special contract of sale of the land, of like effect of that of the original purchaser, held, unconstitutional, in that it in effect provides for issuance of patent on presentation of tax deed fair on its face, though notice to redeem from the tax sale, and of expiration of period of redemption, had not been given to such original contract purchaser, who had failed to pay taxes; the effect of the procedure under said statute being to forfeit, nullify, and displace, based on failure to pay taxes, all property and equitable rights of such original contract holder, without affording him opportunity to be heard in trying out truthfulness of circumstances on which such forfeiture, etc., may be made, and upon which such subsequent special contract and patent might issue. **Held,** further, that such statutes are to be tested by what may be done under their sanction.

Whiting, J., concurring specially.

Action by William A. Caldwell and another, against P. E. Pierson and Sara T. McIlvaine, to quiet title. From a judgment for plaintiffs, defendant McIlvaine appeals. Affirmed.

*Gardner & Churchill,* for Appellant.

*Hall, Alexander & Purdy,* and *Cheever & Cheever,* for respondents.

(2) To point two of the opinion, Respondent cited: Laws 1909, Chap. 194; Hardy v. Woods (S. D.) , 132 N. W. 692; Rector & Willhelmy v. Maloney (S. D.) 88 N. W. 575; Barry v. Woods (S. D.), 146 N. W. 577: Hogson v. State Finance Co. (N. D.), 122 N. W. 336.

(3) To point three of the opinion, Appellants cited: Rev. Pol. Code, Secs. 2212, 2213; Laws 1909, Chap. 194; Peters v. Lohr, 24 S. D. 605; Bandow v. Wolven, 23 S. D. 124; St. Louis Smelting Co. v. Kemp, 104 U. S. 636, 26 L. E. D. 875; Hooper v. Young (Calif.) 74 Pac. 140, 98 A. S. R. 56; Burton v. Cooley, 22 S. D. 515; Matchett v. Liebig, 20 S. D. 169; Osman v. Wisted, (Minn.), 80 N. W. 1127.

(5) To point five of the opinion, Appellants cited: Board of Education v. Manfield 17 S. D. 72; Harrington v. Goldsmith (Cal.) 66 Pac. 594; Worcester v. Kitts (Cal.) 96 Pac. 335; Redwater Land & Canal Co. v. Reed (S. D.) 128 N. W. 702; Churchill v. Anderson, 56 Cal. 55; Minter v. Crommelin, 59 U. S.

87, 15 L. Ed. 279; Blackslee Co. v. Blackslee Sons Iron Works (N. Y.) 29 N. E. 2.

Respondents cited: Laws 1911, Chap. 224, Sec. 45; Polk v. Wendal, 13 U. S. 9 Cranch, 87 (3:665); Morris v. United States, 174 U. S. 196, 43 L. Ed. 946; Leavenworth, L. & G. R. v. United States, 92 U. S. 733, 23 L. Ed. 634; Brush v. Ware, 15 Peters, 93, 10 L. Ed. 672.

(7)  To point seven of the opinion, Respondents cited: Black on Tax Titles, Sec. 411; Cooley's Constitutional Limitations, 362; Brooke v. Eastman (S. D.) 96 N. W. 699; State v. Weide 135 N. W. 636; 6 Pomeroy's Eq. Jur. Sec. 838 et seq.; 2 Cooley on Taxation, 863.

McCOY, J.  Plaintiffs and defendant McIlvaine are claiming adverse interests and title to a certain 40-acre tract of land situated in Roberts county.  This land was formerly a portion of the state public school lands.  The controversy presented for determination is whether plaintiffs hold equitable title by virtue of a certain school land contract issued by the state on May 20, 1901, or whether defendant McIlvaine holds title by virtue of a tax deed issued on May 6, 1911, and a state patent issued on February 20, 1912, and other subsequent mesne conveyances.  The trial court entered judgment in favor of plaintiffs, based on findings that the tax deed was void for want of sufficient notice of expiration of the period of redemption, and that the state patent was void for the reason that the statute under which it was issued is unconstitutional, in that it deprives plaintiffs of their property without due proceess of law.  From this judgment defendant McIlvaine has appealed, assigning various errors.

The uncontroverted facts seem to be as follows: On May 20, 1901, the state issued to N. K. Olberg and J. J. Foren a public school land sale contract whereby said Olberg and Foren agreed to pay to the state $600 for said land as follows: $150 at the date of contract; $150 in 5 years; $150 in 10 years; and $150 in 15 years—and which contract was recorded on the 11th day of May, 1902.  In 1907 the said contract was assigned to respondents, who then took and ever since have remained in possession of said land; but none of the assignments of said contract were placed on record until the 11th day of April, 1912.  The taxes assessed against said land for the year 1907 were not paid, and

on the 9th day of November, 1908, at treasurer's annual tax sale, the said land was sold to one Foster, and on the 6th day of May, 1911, a tax deed was issued and delivered to Foster. Based on said tax deed and on the nonpayment of taxes on said land by the holders of the Olberg and Foren contract for the years 1907, 1908, 1909, 1910, 1911, and on the payment of all sums payable under the Olberg and Foren contract, the state, on February 20, 1912, issued to Foster a public land patent for said land under the provisions of section 45, c. 224, Laws of 1911. On the 14th day of March, 1912, Foster by warranty deed conveyed title to defendant Pierson, and on March 30, 1912, Pierson conveyed title to defendant McIlvaine by warranty deed.

[1] It is first contended by appellant that she is an innocent purchaser who acquired title to said land by and through warranty deeds and a state patent without notice of plaintiff's equities; that none of the assignments of said contract under which respondents claim were ever filed or recorded so as to give appellant notice of respondents' said equities. We are of the view that this contention is not tenable for the reason that it appears that respondents have at all times since November, 1907, been in actual, notorious, and visible possession of said tract of land; that said 40-acre tract constitutes a portion of a larger farming tract in possession of respondents, upon which other portion of said farm is situated a dwelling house, which house has at all the times since 1907 been occupied by a tenant of respondents, who has each year cultivated and taken from said 40-acre tract the crops grown thereon for respondents; that such possession of respondents was sufficient to place the appellant upon inquiry and notice as to respondents' claim and equities. Huffman v. Cooley, 28 S. D. 475, 134 N. W. 49; Betts v. Letcher, 1 S. D. 182, 46 N. W. 193; Pom. Eq. Jur. §§ 614, 615. Respondents' possession gave appellant notice with the same effect as would have the due recordation of all the assignments of said contract.

[2, 4] One of the issues raised by respondents was the want of sufficient notice of the expiration of the period of redemption that must precede the issuance of a tax deed. On this issue the court found as follows:

"That at the time of the issuance of said notice to redeem from tax sale, mentioned in finding No. VIII, and at the time of

the execution and delivery of the treasurer's tax deed referred to in finding No. IX, that one Charles Canfield was in the actual, open, and notorious possession of said premises, cultivating the same as a farm, he being then and there a tenant of these plaintiffs; that said notice to redeem from tax sale was not served upon the plaintiffs, or either of them, or upon their said tenant, Charles Canfield."

Appellant contends that that portion of said finding which reads "that said notice to redeem from tax sale was not served upon plaintiffs or either of them, or upon their said tenant" is not supported by the evidence, but is contrary thereto, and that the proof was insufficient to sustain that portion of said finding. We are of the view that this contention is not tenable. While it is true that section 2213, Pol. Code, provides that a tax deed shall be prima facie evidence of the truth of all the facts therein recited, still this prima facie case prevails only until the opposite party has produced competent evidence sufficient to overcome such prima facie case. Peters v. Lohr, 24 S. D. 605, 124 N. W. 853. The statute in force at the time of the issuance of the tax deed in question required that such notice to redeem be served on the owner of the land, or upon the person in possession of the land, and upon the person in whose name the land is taxed, in the manner provided by law for the service of summons, and that such service shall be deemed complete when an affidavit of service and the particular mode thereof shall have been filed with the county treasurer authorized to execute the tax deed. Section 2212, Pol. Code, as amended by chapter 194, Laws of 1909. Under this provision of the law the completed service, and the particular mode thereof, must appear in the taxing records and procedure required to be kept on file with the county treasurer. When this record required by law to be so filed is introduced in evidence, and it fails to show service on the owner or person in possession, that of itself is evidence sufficient to overcome the prima facie case arising from the provisions of section 2213. Berry v. Howard, 33 S. D. 447, 146 N. W. 577; Weller v. Platt, 33 S. D. 509, 146 N. W. 705. The notice in question was addressed to N. K. Olberg, J. J. Foren, and M. A. Caldwell, parties in interest as purchasers or as assignees of contract to whom said land is assessed, and was signed by C. N. McIlvaine as agent of Foster, the

holder of the tax sale certificate. The affidavit of service shows service on. Olberg alone. McIlvaine testified that he prepared the notice and directed the service; that service was made on Olberg as the record owner, and the service stopped there. The name of Caldwell was placed in the notice. The records showed the property was assessed to him. One of plaintiff's testified that the notice was not served on him or his co-plaintiff to his knowledge. It will be observed that a portion of the above-quoted finding is to the effect that at the time of the issuance of said notice one Canfield was in open, notorious possession of said land, cultivating the same as a farm, as a tenant of plaintiffs. This portion of the finding is not questioned by appellant. The notice of redemption should have been addressed to and served upon Canfield. We are of the view that the evidence was sufficient to sustain the finding that no service was made on plaintiffs or Canfield. The tax deed by reason thereof was void.

[5, 7] One of the contention made by appellant is that the state patent issued to Foster by the state under the provisions of chapter 224, Laws of 1911, is regular on its face, and cannot be collaterally attacked, except on the grounds of fraud or mistake. It is the specific contention of appellant that the officers of the state land department are authorized by statute to issue patents for state lands upon the ascertainment of certain facts, which such department has been given jurisdiction to inquire into and determine as to the existence of such facts, and that, in the absence of fraud or mistake, the determination so made and patents issued in the name of the government thereunder are conclusive as against collateral attack. On the other hand, the respondent contends that section 45, c. 224, Laws of 1911, under and by virtue of which the said patent was issued, through which appellant claims title is unconstitutional and void in that it deprives respondents of their property without due process of law; and without notice to them, and without affording them an opportunity to be heard for the purpose of contesting and trying out the truthfulness of the facts that would warrant the land departments in forfeiting respondent's contract and substituting in lieu thereof a new contract to Foster. The trial court found that respondents were not given any notice of the application for or issuance of said patent or the special contract therein referred to to Foster,

and that to give such patent effect would authorize property to be taken without due process of law, in violation of the provisions of the Constitution of the United States and the state of South Dakota. It is, no doubt, the rule that patents issued by the federal and state governments through the land departments under legislative acts have the same force and effect as if they had been directly issued by the legislative body itself, and that, in the absence of fraud or mistake, the action of the land department becomes conclusive. Smithwick School Dist. v. Lincoln School Dist., 37 S. D. 38, 156 N. W. 587; Board of Education v. Mansfield, 17 S. D. 72, 95 N. W. 286, 106 Am. St. Rep. 771; Barden v. Railway Co., 154 U. S. 288, 14 Sup. Ct. 1030, 38 L. Ed. 992; Harrington v. Goldsmith, 136 Cal. 168, 68 Pac. 594; Worcester v. Kitts, 8 Cal. App. 181, 96 Pac. 335. The same rule applies to both federal and state patents. Worcester v. Kitts ,supra; Dreyfus v. Badger, 108 Cal. 58, 41 Pac. 279. Now it appears from the record in this case, and it is conceded, that respondents did fail to pay the taxes assessed against said land for the years 1907, 1908, 1909, and 1910, and that said land was sold for the tax of 1907 to Foster as purchaser, and that no redemption was made from such sale by respondents, and that a tax deed, fair on its face, was issued to Foster, and on these facts Foster applied to the state land department for a special contract to be issued to him under the provisions of section 45, c. 224, Laws of 1911. Foster fully and technically complied, on the face of the matter presented, with the provisions of this section entitling him to a special contract and patent in lieu of the original contract held by respondents. If the statute is valid, the patent to Foster was valid, and conveyed to him complete title, as he fully complied with the statute. Foster presented to the land department everything by way of evidentiary facts required by this statute to entitle him to the special contract in lieu of the contract held by respondents. The effect of the procedure authorized under this section of statute is to forfeit, nullify, and displace, based on a failure to pay taxes, all the property and equitable rights of the original contract holder, without affording him the opportunity of being heard for the purpose of contesting and trying out the truthfulness of the circumstances on which the forfeiture and nullification of his original contract may be made and upon which

the subsequent special contract and patent might be issued; in other words, this section of the statute does not give the original contract holder his constitutional "day in court." Such statutes are to be tested by what may be done under their sanction. Sterritt v. Young, 14 Wyo. 146, 82 Pac. 946, 4 L. R. A. (N. S.) 169, 116 Am. St. Rep. 994; Stuart v. Palmer, 74 N. Y. 183, 30 Am. Rep. 289; Gatch v. Des Moines, 63 Iowa, 718, 18 N. W. 310; In re-New York, 34 Misc. Rep. 719, 70 N. Y. Supp. 227; Board of Ed. v. Aldredge, 13 Okl. 205. 73 Pac. 1104. It is true the tax deed, while fair on its face, was invalid as a matter of fact, because no notice of the expiration of the period of redemption had been given to respondents. But this tax deed, fair on its face, carrying the evidentiary presumption of regularity, was sufficient to warrant the land department in issuing the special contract and patent to Foster. Therefore we are of the view that section 45 of said chapter 224 Laws of 1911, is void, in that it provides for no notice to be given to the original contract holder prior to the forfeiture of his contract under this statute. Due process of law applies to administrative and executive action by which one may be deprived of property as well and just the same as it does to judicial action. A person may be deprived of property by administrative action where the person whose property is to be so taken is provided no opportunity for hearing by the statute. Watson on Const. pp. 1449-1458. Fallbrook Irrigation Ditch v. Bradley, 164 U. S. 112-168, 17 Sup. Ct. 56, 41 L. Ed. 369.

Finding no error in the record, the judgment and order appealed from are affirmed.

WHITING, J. While I concur in the result reached, I do not believe it necessary to pass upon the constitutionality of section 45, c. 224, Laws 1911. Under the facts of this case, the claimant under the patent took the land with notice of the plaintiffs' equities, and therefore took title, if any under such patent as trustee for plaintiffs.