THE BOARD OF EDUCATION OF THE CITY OF STILLWATER, PAYNE COUNTY, OKLAHOMA TERRITORY v. IDA R. ALDREDGE, CHARLES ROSS ALDREDGE AND J. P. HESSER, *as Sheriff.*

(Filed September 10, 1903.)

1. EMINENT DOMAIN. When the legislature prescribes a mode by which private property may be taken for public use, notice of the proceedings for condemnation must be provided for, to be given to the party whose property is taken, or injuriously affected, in order that he may have an opportunity to be present and protect his rights, at some stage of the proceedings, and in order to ascertain the proper measure of compensation to which he is entitled. If such notice is not provided for the law is void.

2. NOTICE IN CONDEMNATION PROCEEDINGS—Injunction. The service of a writ of ouster in an ejectment suit will not be enjoined where it appears from the face of the petition for injunction that the petitioners who were the defendants in the ejectment suit, are claiming under condemnation proceedings had subsequent to the final judgment in the ejectment, but which was void by reason of the statute failing to provide for notice to be given to the land owner in such condemnation proceedings.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before John H. Burford, Trial Judge.*

*Lowry & Workman,* for plaintiff in error.

*George P. Uhl,* for defendants in error.

Opinion of the court by

BURWELL, J.: The plaintiff in error condemned certain real estate in the city of Stillwater for a school house site, but failed to give the owner of the land any notice of the proceeding, and the court held that the failure to give such notice rendered the condemnation void; and in an action of ejectment the school board, having taken possession and erected a school building thereon, the appellees were awarded a writ of ouster. (*Aldredge v. School District No. 16, of Payne County,* 10 Okla. 694.)

After the decision by this court, the city of Stillwater became a city of the first class by incorporation, and the board of education again attempted to condemn the land in question, and gave notice to the owners thereof by publishing the same in a newspaper for four successive weeks, and by registering to their postoffice address a copy of such notice. After the school district had complied with what it conceived to be the express statutory provision for condemning a school site, the sheriff proceeded to execute the writ of ouster issued in the ejectment case; whereupon the school board commenced this action to enjoin the sheriff from executing the writ, and from placing Aldredge in possession. The trial court sustained a demurrer to the petition and rendered judgment against the plaintiff for costs, and it brings the case here for review. The first question argued in the briefs is the necessity and sufficiency of notice to the land owner in the proceedings to condemn. The statute provides for no such notice. In the case of *Aldredge v. School Board, supra,* it was said in the syllabus:

"When the legislature prescribes a mode by which private property may be taken for a public use, notice of the proceeding for condemnation must be provided for, to be given to the party whose property is taken or injuriously affected, in order that he may have an opportunity to be present and protect his rights, and in order to ascertain the proper measure of compensation to which he is entitled. If such notice is not provided for the law is void."

It is also true that there is language in the body of the opinion which may be construed as intimating that notice might be given, although not expressly provided for in the statute; and authorities are cited holding that the duty to give notice is implied; but that question was not presented in the former case, nor was it intended to be decided. In this case notice was given, but it was not required by the statute. The courts are divided as to what is the correct rule in a case of this kind. One class holds that no notice is necessary; that all there is in the right of eminent domain is the power to take private property for public use, and that no notice is necessary. In fact, the supreme court of Kansas in a very recent opinion (*Buckwater v. School District No. 42*, 70 Pac. 605), held that a statute identical with the one now under consideration was not invalid simply because it failed to provide for notice to the land owner, and that notice was not necessary. Another class holds that, although the statute fails to provide notice, it will be presumed that notice was intended to be given, and any reasonable notice will be sufficient; and the next class lays down the rule that, unless notice is provided in the statute, none can be given that will bind the land owner; and that, as the owner is entitled to have notice in order to constitute "due process of law," a statute which fails to provide notice is void.

After a careful examination of all the authorities at our command, we are clearly of the opinion that the statute must stand or fall as enacted by the legislature; and that; where no notice is provided, a court ought not to say that notice is implied; and, as has been said by other law writers, the question is not what was done, but what did the statute authorize to be done.

Recurring again to the necessity of notice; The position is taken by Mr. Lewis, in his work on Eminent Domain, that a statute which fails to provide for notice to the land owner is void; and his position is supported by a long list of authorities. We quote from his work as follows:

"Sec. 364. The great weight of authority is in favor of the doctrine that before a man can be deprived of his property for public use he must have notice and an opportunity to protect his rights. The supreme court of Pennsylvania puts the matter very tersely and forcibly as follows: 'The law abhors all *ex parte* proceedings without notice. Notice in this case to the owners of property was absolutely necessary. To take a man's property and assess his damages without notice of it, is repugnant to every principle of justice, and such a proceeding is utterly void.' The supreme court of Missouri, in one of the cases cited, says: 'The constitution may not require notice to be given of the taking of private property for public use, yet when the legislature prescribes a mode by which private property may be taken for such purpose, we will, out of respect to it, suppose that it did not contemplate a violation of that rule, recognized and enforced in all civil governments, that no one shall be injuriously affected in his rights by a judgment or decree resulting from a proceeding of which he had no notice and against which he could make no defense. Nothing would so much impair that just self-respect arising from the ownership of property fairly acquired, as the reflection that it is subject to be defeated by

others without notice to the possessor. The times require that courts should be zealous in carrying out that great claim of government—the defense of men and their children in the employment of property acquired by their diligence, toil and labor. No man can cherish a warm affection for a government that suffers others without notice and behind his back, to seize and appropriate his property on occasions justified by no emergency.' Similar expressions will be found in most of the cases cited."

"Sec. 365. The argument put forth in some of the cases cited in the first section of this chapter, that the constitutional prohibition against depriving a citizen of his property without due process of law does not apply to the exercise of the eminent domain power, is wholly without foundation. The provision that private property shall not be taken for public use without just compensation, is simply an additional guaranty. The one provision is not exclusive of the other. Both may stand together, and both have full effect and operation in every case of the exercise of the eminent domain power. The one prevents the property of the citizen being taken under that power for any purpose except a public use, and then only upon making just compensation; while the other prevents his property being taken even for public use without due process of law. What then is due process of law? Without attempting to answer this question by a general definition it is sufficient for the present inquiry to say, that all the authorities agree that due process of law requires that a person shall have reasonable notice and a reasonable opportunity to be heard before an impartial tribunal before any binding decree can be passed affecting his right to liberty or property. This provision is the most important guaranty of personal rights to be found in the federal or state constitutions. It is a limitation upon arbitrary power, and is a guaranty against arbitrary legislation. No citizen shall arbitrarily be deprived of his life, liberty or property. This the legislature cannot do or authorize to be done. 'Due process of law, is not con-

fined to judicial proceedings, but extends to every case which may deprive a citizen of life, liberty, or property, whether the proceedings be judicial, administrative, or executive in its nature. This great guaranty is always and everywhere present to protect the citizen against arbitrary interference with these sacred rights.' In some of the cases cited in the first section it is said that the proceedings to condemn property for public use is a proceeding *in rem,* and that consequently notice to the owner is not necessary.

"This, however, is a mistake. Proceedings *in rem,* to be valid, require not only a seizure of the property by the court or its officers, but also notice in some form to all persons interested therein. 'The jurisdiction acquired by the seizure is not to pass upon the question of forfeiture absolutely, but to pass upon that question after opportunity has been afforded to its owner and parties interested to appear and be heard upon the charges. To this end some notification of the proceedings, beyond that arising from the seizure, prescribing the time within which the appearance must be made, is essential. Such notification is usually given by monition, public proclamation, or publication in some other form. The manner of the notification is immaterial, but the notification itself is indispensable.' "

The rule as stated in the case of *Aldredge v. School Board No. 16,* is followed, and it is further held that, inasmuch as the statute fails to provide for notice to be given to the land owner, it will not be inferred that the legislature intended that notice should be given. The condemnation proceedings were void, and the trial court properly denied the injunction.

Other questions are raised but it is not necessary to decide them. The judgment of the trial court is hereby affirmed.

Burford, C. J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.