GUERRA, PETITIONER AND APPELLANT, *v.* WORKMEN'S RELIEF COMMISSION, RESPONDENT AND APPELLEE.

APPEAL from the District Court of San Juan in Certiorari Proceedings.

No. 2232.—Decided May 27, 1921.

DUE PROCESS OF LAW—NOTICE—INHERENT AUTHORITY.—When a law establishing a proceeding before a court, board, commission or other governmental entity does not provide for notice of the proceeding to the parties who should be heard, the said court, board, commission or other entity has the inherent authority to give notice of the proceeding to the interested parties and must exercise that authority in order that there may be due process of law.

ID.—ID.—WORKMEN'S RELIEF COMMISSION.—If the Workmen's Relief Commission, in a proceeding whereof no notice was given to the employer, orders that the latter must indemnify a workman injured in an accident, such order is made without due process of law, but the defect may be cured in a new proceeding after notice and an opportunity to be heard has been given to all the parties interested.

The facts are stated in the opinion.

*Mr. B. Guerra* for the appellant.

*The Attorney General* and *Messrs. A. Arroyo* and *C. Llauger* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

We have recently decided in *Rivera* v. *Workmen's Relief Commission, ante,* page 367, that the object of Act No. 61 of 1919 was to give the district court a complete right of revision of the decisions of the Workmen's Relief Commission.

The proceeding to revise was called "Certiorari" in the said Act and the parties have discussed the matter somewhat as if the revision were limited to matters of procedure and jurisdiction.

Appellant insists that the commission had no right to add to the record by filing an affidavit in the district court, but admits that this affidavit was submitted to the commission. Whether or not a district court may hear additional evidence, or whether it may render the decision that the commission should have made, are questions that have not been presented by the parties, as each of them is under the impression that the review was limited, as it would be, in the regular writ of certiorari. We are inclined to believe that the court was justified in admitting the affidavit to show that the employer had in fact been notified of the accident, although we need not definitely decide the question. The court has a wide discretion under the Act and certainly could have certified up the affidavit to show that the employer was notified of the accident. The appeal, however, must be reversed on another ground.

In spite of numerous decisions of this court calling for an assignment of errors on appeal as required by our rules and in spite of some dismissals, appellants frequently do not follow the rule. There was no assignment of errors in the brief. The appellant, however, in the beginning of his brief, spread out the objections that he had made in the court below. One of them was that the employer was never notified of the proceedings before the commission. In other words, as partially developed in his brief, appellant maintains that he never had an opportunity to be heard; that he never had his day in court. Both parties touch lightly on this question and in their argument and citations they principally discuss the necessity of a notice of the accident to be given to the employer or whether such notice may be waived. That the notice of the accident may be waived we have no doubt,

and we think it was waived in this case.   Likewise, the notice of the proceeding before the commission might be waived, but the record shows no waiver in this regard.

Appellant, while suggesting that the law itself may be unconstitutional, disclaims any intention of attacking it on that ground, but bases his objection exclusively on the lack of notice of the proceedings.   As the parties have not entered into this question, we shall not definitely decide whether the Act is constitutional, although we are inclined to the belief that it is.   In the case of *Camuñas* v. *The New York & P. R. S. S. Co.*, 260 Fed. 40, 42, the Circuit Court of Appeals reviewed the constitutionality of Workmen's Compensation Acts and decided that the local Act was not only constitutional but compulsory.   The question of the failure of the Act to provide for notice to the employer of the proceedings was not presented to that court.   We think it well, nevertheless, to present some of the considerations by which the constitutionality of the Act in this regard is to be tested.

The Act contains no definite requirement for notice of the proceedings.   Workmen's Compensation statutes in other places probably either provide for a notice or constitute a sort of an arbitration board wherein the employer is represented.   We find no case where the lack of notice in a compensation statute has been considered, and perhaps the case has not arisen.   An analogous situation, however, is presented in statutes for proceedings by eminent domain.   On the effect of the failure to provide for notice of the proceedings in such statutes the courts are divided.   Some of them have held that a statute making no provision for notice is unconstitutional.   *Sterritt* v. *Young*, 82 Pac. 946, 4 L. R. A. (N. S.) 169; *James* v. *West Puerta de Luna, Etc.*, 169 Pac. 309; 20 C. J. 930, note 29.   Other cases decide, and this is the more general trend, that if the requirements of due process of law by notice and a hearing have been complied with, the proceedings will be upheld, even though the

statute did not provide for a notice. *Ky. R. R. Tax Cases,* 115 U. S. 334; *Baltimore Belt R. R. Co.* v. *Baltzell,* 23 Atl. 74; McGehee Due Process of Law, 82; 20 C. J. 930, notes 27, 28. Variations of the latter class of cases permit an examination into the statute itself, or into the rest of the constitutional or statutory law of the State, to discover and generally affirmatively decide that the power to give a notice and to hear the parties will be considered to be inherent in the court, board or commission in question as shown by the cases last cited. In the *Kentucky R. R. Tax Cases, supra,* the court held that if parties have a constitutional right to a hearing, the statute is properly to be construed so as to recognize and respect it and not to deny it. The constitution and the statute, say the court, will be construed together as one law.

As we have seen in the case of *Rivera* v. *Workmen's Relief Commission, supra,* section 7 of Act No. 10 of 1918 gives the commission ample powers to hear evidence, to examine witnesses and to make such investigation as it may deem necessary for the purposes of this Act. Such provisions in themselves would imply a right to give notice. The right of appeal in certain cases to either party would likewise show that the Legislature assumed that the parties had been duly brought before the commission. The special Certiorari Act to which we have referred, although it went into effect after these proceedings were begun, again presupposes parties duly before the court. More particularly, the Organic Act, section 2, provides: "That no law shall be enacted in Porto Rico which shall deprive any person of life, liberty, or property without due process of law, or deny to any person therein the equal protection of the laws." This ought to be blanket authority for any commission to bring persons before it when otherwise empowered by law to make awards. Not only was the constitutionality of the Act in question considered in *Camuñas* v. *The New York & Porto Rico Steam-*

*ship Company, supra,* but the constitutionality of compulsory statutes somewhat like our own has been considered by the Supreme Court of the United States. *New York Central R. R. Co.* v. *White,* 243 U. S. 188, and *Mountain Timber Co.* v. *Washington,* 243 U. S. 219. There is an interesting discussion of Workmen's Compensation Acts in 28 R. C. L. 739 *et seq.,* where it is shown that the tendency of the courts is very liberal in upholding these laws. Supposing, then, the constitutionality of the Act and that notice must be given, we feel bound to hold that the appellant did not have due notice and a hearing in the case before us.

The law has been well summed up as follows:

"The essential elements of due process of law are notice, and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. In fact one of the most famous and perhaps the most often quoted definition of due process of law is that of Daniel Webster in his argument in the Dartmouth College case, in which he declared that by due process of law was meant 'a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial.' Somewhat similar is the statement that it is a rule as old as the law that no one shall be personally bound until he has had his day in court, by which is meant, until he has been duly cited to appear, and has been afforded an opportunity to be heard. Judgment without such citation and opportunity wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is fairly administered." 6 R. C. L. 446.

The appellee at the hearing argued that once the employer had notice of the accident he was bound to attend at the hearing before the commission, but we cannot see that it is the duty of any employer to investigate for himself when a hearing and award is to be made or to make a request for a hearing. The law provides for a payment of insurance premiums by those who directly accept the benefits of the Act, but those who did not accept the benefits of the Act of 1918, since amended, of whom the appellant was one, were apparently

by section 20 to be charged with the amount of such compensation as the commission might authorize to be paid to the injured workman and the Treasurer of Porto Rico was ordered to levy and collect the said amount in the same manner prescribed for the collection of premiums. In other words, if the employer did not choose to pay the premiums for insurance by which The People of Porto Rico pays the workman out of its trust fund, in that case the employer was to pay the whole award. In the case before us the award fixed by the commission to be paid to the injured workman was $1,244. In other words, a judgment or a form of taxation like a judgment has arisen wherein an employer was condemned to pay the amount fixed by the Commission without ever having had his day in court. This was not due process of law and the judgment must be reversed and another entered sending the case back to the Workmen's Relief Commission for proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.