GUERRA, PETICIONARIO Y APELANTE, *v.* COMISIÓN DE INDEMNIZACIONES A OBREROS, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en un recurso de *certiorari.*

No. 2232.—Resuelto en mayo 27, 1921.

DEBIDO PROCEDIMIENTO DE LEY — NOTIFICACIÓN A LAS PARTES INTERESADAS —
  Cuando una ley que prescribe un procedimiento ante una corte, junta, comisión u otra entidad gubernamental, no prescribe la notificación de dicho procedimiento a las partes que han de ser oídas, dicha corte, junta, comisión u otra

entidad, tiene la facultad, inherente a la facultad de audiencia, de notificar tal procedimiento a las partes interesadas, y debe ejercer dicha facultad para que exista el debido procedimiento de ley.

ID.—COMISIÓN DE INDEMNIZACIONES A OBREROS—NOTIFICACIÓN AL PATRONO.—Si la Comisión de Indemnizaciones a Obreros dicta resolución en un procedimiento en que no ha mediado notificación al patrono, condenando a éste a indemnizar a un obrero lesionado en un accidente del trabajo, tal resolución ha sido dictada sin el debido procedimiento de ley, pudiendo subsanarse la deficiencia mediante un nuevo procedimiento con notificación y consiguiente oportunidad de audiencia a todas las partes interesadas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. B. Guerra.*

Abogados de la apelada: *Hon. Attorney General* y *Sres. A. Arroyo* y *C. Llauger.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Recientemente hemos resuelto en el caso de *Rivera* v. *Comisión de Indemnizaciones a Obreros,* decidido en abril 29, 1921, (página 393), que el objeto de la Ley No. 61 de 1919 fué dar a la corte de distrito completo derecho para revisar las decisiones de la Comisión de Indemnizaciones a Obreros. Al procedimiento para revisar se le llamó *"certiorari"* en la referida ley y las partes han discutido la cuestión algo así como si la revisión estuviera limitada a cuestiones de procedimiento y jurisdicción.

El apelante insiste en que la comisión no tenía derecho a adicionar los autos radicando un *affidavit* en la corte de distrito, pero admite que este *affidavit* fué sometido a la comisión. El hecho de si una corte de distrito puede o no oir prueba adicional, o si debe dictar la decisión que la comisión debió haber dictado, son cuestiones que no han sido presentadas por las partes, pues cada una de ellas tiene la idea de que la revisión quedaba limitada como lo estaría en el auto ordinario de *"certiorari."* Nos inclinamos a creer que la corte estuvo justificada al admitir el *affidavit* en demostración de que el patrono en realidad había sido notificado del accidente; aunque no es necesario que resolvamos defi-

nitivamente la cuestión. La corte tiene una amplia discreción de acuerdo con la ley y ciertamente pudo haber certificado el *affidavit* para demostrar que el patrono fué notificado del accidente. La resolución apelada, sin embargo, debe ser revocada por otro fundamento.

A pesar de las numerosas decisiones de esta corte que requieren un señalamiento de errores en apelación como prescriben nuestras reglas y no obstante algunas desestimaciones, los apelantes frecuentemente no observan la regla. No se hizo ningún señalamiento de error en el alegato. El apelante, sin embargo, al principio de su alegato pone de manifiesto las objeciones que había hecho en la corte inferior. Una de ellas era que el patrono jamás fué notificado de los procedimientos ante la comisión. En otras palabras, según en parte se desarrolla en su alegato, el apelante sostiene que jamás tuvo una oportunidad de ser oído; que nunca tuvo su día en corte. Ambas partes tratan ligeramente esta cuestión y en sus argumentaciones y citas discuten principalmente la necesidad de hacerse una notificación del accidente al patrono, o si puede renunciarse a tal notificación. Que puede renunciarse a la notificación del accidente, no tenemos duda alguna y creemos que así sucedió en este caso. Asimismo podría renunciarse a la notificación del procedimiento ante la comisión, pero los autos no demuestran que se haya hecho ninguna renuncia en este sentido.

El apelante, si bien sugiere que la ley misma puede ser anticonstitucional, niega toda intención de atacarla por ese fundamento, pero funda su objeción exclusivamente en la falta de notificación de los procedimientos. Como las partes no han tratado esta cuestión no resolveremos definitivamente si la ley es constitucional, aunque nos inclinamos a creer que lo es. En el caso de *Camuñas* v. *The New York & Porto Rico Steamship Company,* 260 Fed. 40, 42, la Corte de Circuito de Apelaciones revisó la constitucionalidad de

las Leyes de Compensaciones a Obreros y resolvió que la ley local no solamente era constitucional sino compulsoria. La cuestión de que en la ley no se prescriba respecto a la notificación al patrono de los procedimientos no fué presentada a esa corte. Creemos conveniente, no obstante, presentar algunas de las consideraciones por las cuales ha de determinarse la constitucionalidad de la ley en este sentido.

La ley no contiene precepto terminante en cuanto a la notificación de los procedimientos. Los Estatutos de Compensaciones a Obreros en otras partes probablemente disponen la notificación o constituyen una especie de Comisión de Arbitraje en la cual el patrono está representado. No encontramos caso alguno en donde la falta de notificación en un estatuto sobre compensación haya sido considerada y tal vez el caso no ha surgido. Una situación análoga, sin embargo, se presenta en los estatutos sobre procedimientos de expropiación forzosa. Las cortes están divididas en cuanto al efecto de la omisión en prescribirse la notificación de los procedimientos en tales estatutos. Algunas de ellas han resuelto que un estatuto que no contiene precepto alguno para la notificación es anticonstitucional. *Sterritt* v. *Young,* 82 Pac. 946, 4 L. R. A. (N. S.) 169; *James* v. *West Puerto de Luna, Etc.,* 169 Pac. 309; 20 C. J. 930, nota 29. Otros casos resuelven, y esta es la tendencia más general, que si los requisitos de debido procedimiento de ley mediante notificación y audiencia han sido cumplidos, los procedimientos serán mantenidos aún cuando el estatuto no prescribiera la notificación. *Ky. R. R. Tax Cases,* 115 U. S. 334; *Baltimore Belt Railroad Company* v. *Baltzell,* 23 Atl. 74; *McGeehe Due Process of Law,* 82; 20 C. J. 930; notas 27, 28. Las variaciones de la segunda clase de casos permiten que se examine el estatuto mismo, o el resto de la ley constitucional o estatutoria del Estado para descubrir y por lo general resolver afirmativamente que la facultad de dar un aviso y oir

a las partes se considerará como inherente a la corte, junta o comisión en cuestión, como aparece de los casos citados últimamente.   En los casos de *Kentucky Railroad Tax, supra,* la corte resolvió que si las partes tienen un derecho constitucional a una audiencia, el estatuto ha de interpretarse propiamente de modo que reconozca y respete tal derecho y no lo niegue.   La constitución y el estatuto, dice la corte, serán interpretados conjuntamente como una sola ley.

Como hemos visto en el caso de *Rivera* v. *Comisión de Indemnizaciones a Obreros, supra,* la sección 7 de la Ley No. 10 de 1918, da a la comisión amplia facultad para oir pruebas, examinar testigos y practicar aquella investigación que pueda ser necesaria para los fines de la ley. Tales disposiciones por sí implicarían un derecho a hacer la notificación.   El derecho de apelación en ciertos casos de una u otra de las partes demostraría asimismo que la Legislatura presumía que las partes habían sido debidamente llevadas ante la comisión.   La ley especial de ''*certiorari*'' a que nos hemos referido, aunque empezó a regir después de haberse iniciado estos procedimientos, presupone además que las partes se encuentran debidamente ante la corte.   Más particularmente, la Ley Orgánica, artículo 2, prescribe lo siguiente:

''No se pondrá en vigor en Puerto Rico ninguna ley que privare a una persona de la vida, libertad o propiedad sin el debido procedimiento de ley, o que negare a una persona de dicha isla la protección igual de las leyes.''

Esta debe ser una facultad completa para que cualquier comisión haga comparecer a las personas ante ella cuando está por lo demás autorizada por la ley para conceder indemnizaciones.   No solamente fué considerada la constitucionalidad de la ley en cuestión en el caso de *Camuñas* v. *The New York & Porto Rico Steamship Company, supra,* sino que la constitucionalidad de los estatutos compulsorios algo

semejantes al nuestro ha sido considerada por la Corte Suprema de los Estados Unidos. *New York Central Railroad Company* v. *White,* 243 U. S. 188, y *Mountain Timber Company* v. *Washington,* 243 U. S. 219. Hay una interesante discusión de las Leyes de Compensaciones a Obreros en el tomo 28, R. C. L., página 739, y siguientes, donde se demuestra que la tendencia de las cortes es muy liberal en sostener estas leyes. Suponiendo, pues, la constitucionalidad de la ley y que debe hacerse la notificación, nos sentimos obligados a resolver que el apelante en este caso no tuvo la debida notificación y audiencia.

La ley ha sido bien resumida como puede verse de la siguiente cita:

"Los elementos esenciales del debido procedimiento de ley son la notificación, y la oportunidad de ser oído y de defenderse en un procedimiento ordenado adaptado a la naturaleza del caso. En realidad una de las definiciones más famosas y casi la que con más frecuencia se cita respecto a debido procedimiento de ley es la de Daniel Webster en su argumentación en el caso de Dartmouth College, en el cual él declaró que debido proceso de ley significaba 'una ley que oye antes de condenar; que actúa por virtud de investigación y dicta sentencia solamente después de un juicio.' Algo parecido es la declaración de que es una regla tan antigua como la ley que nadie quedará personalmente obligado hasta que haya tenido su día ante la corte, lo que quiere decir, hasta que haya sido debidamente citado para comparecer y tenido una oportunidad de ser oído. Una sentencia sin tal citación y oportunidad carece de todos los atributos de una resolución judicial; es una usurpación y opresión judicial y jamás puede ser mantenida cuando la justicia se administra imparcialmente." 6 R. C. L. 446.

La apelada en la vista argumentó que una vez que el patrono tenía noticia del accidente estaba obligado a asistir a aquélla ante la comisión, pero no podemos ver que sea el deber de ningún patrono investigar él mismo cuándo ha de tener lugar una vista y decisión o pedir que se celebre la

vista.   La ley prescribe en cuanto al pago de una prima de seguro por aquéllos que directamente acepten los beneficios de la ley, pero aquéllos que no se acogieron a los beneficios de la ley de 1918, enmendada después, de los cuales era uno el apelante, aparentemente de acuerdo con el artículo 20 quedaban obligados por el importe de aquella compensación que la comisión pudiera ordenar que se pagase al obrero lesionado y se ordenó al Tesorero de Puerto Rico que imponga y cobre dicho importe en la misma forma que se prescribe para el cobro de primas.   En otras palabras, si el patrono no prefería pagar las primas de seguro por las cuales El Pueblo de Puerto Rico paga al obrero con su Fondo de Depósito, en ese caso el patrono había de pagar toda la indemnización.   En el caso ante nos la indemnización fijada por la comisión que había de pagarse al obrero lesionado era de $1,244.   En otras palabras, una sentencia o especie de gravamen, a manera de sentencia ha surgido en la cual se condenó al patrono al pago de la cantidad fijada por la comisión sin haber sido jamás oído ante ella, esto es, "sin tener su día en corte."   Esto no fué debido procedimiento de ley y la sentencia debe ser revocada dictándose otra en su lugar por la que se devuelva el caso a la Comisión de Indemnizaciones a Obreros para procedimientos que no sean incompatibles con esta opinión.

> *Revocada la sentencia apelada y ordenado*
> *que el caso sea devuelto por la corte infe-*
> *rior a la Comisión de Indemnizaciones a*
> *Obreros, para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.